## Passerini v. State Farm Insurance Co.

*James E. Douglas,* for plaintiffs.
*George Hardy Rowley,* for defendant.

FORNELLI, *P.J.,* June 30, 1992—Presently before this court are the preliminary objections of defendant State Farm Insurance Co. to plaintiff's complaint in the nature of a demurrer and a motion for a more specific pleading. Defendant raises a variety of challenges to the complaint. It has, however, failed to brief and argue its motion for a more specific pleading and demurrer to plaintiff's bad-faith insurance practices claim. These objections are therefore deemed waived, leaving only defendant's demurrer challenging plaintiffs' failure to exhaust administrative remedies and plaintiffs' standing.

The facts as found in plaintiffs' complaint disclose the following:

Plaintiff Mona R. Passerini (insured) was injured as the result of a motor vehicle accident on April 26, 1990. As a result, she sought and received medical treatment

from the plaintiff Ward S. Stillwagon (provider), a chiropractor, over the period from March 18, 1991, until August 19, 1991, incurring $1,940 in expenses. Defendant State Farm was the first-party benefit insurance carrier for Ms. Passerini's automobile at the time of the accident.

Dr. Stillwagon's bills were submitted to the defendant for payment. In response, the defendant submitted the bills for review by a peer review organization, an "independent"[1] body which reviews the necessity and cost reasonableness of medical treatments administered under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S §1701 et seq. to insureds. After the PRO rendered an unfavorable review, the defendant denied payment for Stillwagon's bills. Plaintiff Passerini sought reconsideration of the PRO's initial decision but the PRO conditioned a reconsideration upon payment of a $380 "reconsideration fee." Passerini refused to pay this amount claiming such a fee condition was improper. Reconsideration was therefore never given.

This suit seeks compensation for Dr. Stillwagon's services as well as compensatory and punitive damages based upon the defendant's alleged bad faith in investigating and reviewing plaintiff Passerini's claim. The defendant first argues in support of the demurrer that plaintiffs' suit is improper contending that a party receiving an initial adverse determination by a PRO must also receive an unfavorable reconsideration by the PRO before having resorting to court.

---

1. Several of the cases cited in this opinion have questioned the independence and impartiality of the peer review organizations. See *Elliott* and *Lehman, infra.*

Title 75 Pa.C.S §1797(b)(2) provides:

"An insurer, provider or insured *may* request a reconsideration by the PRO of the PRO's initial determination." (emphasis added)

As a number of courts have held, the plain reading of this provision makes reconsideration an alternative but not a prerequisite to court review. *Elliott v. State Farm Mut. Auto. Insurance Co.*, 786 F. Supp. 487 (E.D. Pa. 1992); *Danton v. State Farm Mut. Auto. Insurance Co.*, 769 F.Supp. 174 (E.D. Pa. 1991); *Lehman v. State Farm Insurance Cos.*, 140 Pitts. Leg. J. 78 (Alleg. C.P. 1991). *Mitrick v. State Farm Mutual Auto. Insurance Co.*, 13 D.&C.4th 540 (1991).

Additionally in *Schaffnit v. Travelers Insurance Co.*, 12 D.&C.4th 340 (1991), reached the same conclusion in a case where reconsideration was not pursued because a dispute arose as to who should bear its costs.[2] That case is virtually indistinguishable on this issue in the case at bar.

The remaining issue of defendant is the plaintiffs' standing. As to its insured, Passerini, State Farm argues that because she has not paid Dr. Stillwagon for her treatments and cannot be held financially responsible for them by law, she has suffered no compensable loss. 75 Pa.C.S §1797(b)(7). As to the provider Stillwagon's standing it is argued that the defendant owes no duty, contractually or otherwise, to pay for his services. Both of these arguments are without merit.

---

2. Regulations are now in effect which impose any reconsideration fee upon the insurer subject to assessment against the party which is ultimately unsuccessful. 31 Pa.C. §69.53(h).

Title 75 Pa.C.S §1797(b)(4) governs appeals to court and specified which parties may bring these actions. It provides in part:

"A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise...."

The section obviously grants both Passerini and Stillwagon standing by their status as an insured and provider of medical services respectively. Also, plaintiff Passerini's standing is conferred not only by legislative enactment but also by her real interest in this case (her interest in the availability of future medical care).

The defendant asserts however that the remaining language of §1797(b)(4) confers standing upon these plaintiffs only in situations where the insurer has not challenged the reasonableness or necessity of the medical services before a PRO. Therefore, it argues, because the defendant presently utilized the PRO process before denying to pay for the services, no court review is available. Such an argument is without merit.

This argument was addressed at length in *Lehman, supra,* which concluded that the insurer's utilization of the PRO process did not foreclose judicial review. The result in *Lehman* was based almost entirely on Judge Wettick's analysis that a PRO does not have the characteristics of an independent body or agency to which the Legislature would seek judicial deference. This result is especially applicable in the present case. The defendant here is alleged to have acted in bad faith regarding its handling of plaintiff's claim and also in insisting upon

payment of the reconsideration fee requested. If defendant's argument were correct, by so doing an insurer could effectively foreclose the plaintiffs' right to court redress. Accordingly this court holds that when such conduct is alleged, the plaintiff may seek judicial review pursuant to §1797(b)(4).[3]

Hence this order.

## ORDER

And now, June 30, 1992, preliminary objections are overruled.

_____

3. In light of this holding, this court need not address the issue of whether the plaintiff may resort to the courts when neither party requests reconsideration and the insured or provider pursues court redress after the reconsideration period expires.